UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QISSIYS ISLAM,

                                        Petitioner,

                                                                9:13-CV-00854

v.
                                                                (GTS/TWD)

NEW YORK STATE BOARD OF PAROLE,

                                        Respondent.
_____

APPEARANCES:                              OF COUNSEL:

QISSIYS ISLAM
07-B-2668
Petitioner *pro se*
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642

HON. ERIC T. SCHNEIDERMAN          ALYSON J. GILL, ESQ.
Attorney General for the State of New York   LISA ELLEN FLEISCHMANN, ESQ
Counsel for Respondent                    Assistant Attorneys General
120 Broadway
New York, New York 10271


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**<u>ORDER and REPORT-RECOMMENDATION</u>**

        This matter has been referred to the Court for Report and Recommendation, pursuant to

28 U.S.C. § 636(b) and Northern District Local Rule 72.3(c), by the Hon. Glenn T. Suddaby,

United States District Judge.  Presently before this Court is the July 19, 2013, Petition of

Petitioner Qissiys Islam seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against the

New York State Board of Parole.  ("Parole Board")  (Dkt. No. 1.)  The sole ground for habeas

relief identified in the Petition is the claim that Petitioner was being held beyond his maximum sentence because of an error on the part of the Parole Board in the calculation of jail time credit.[1] *Id*. at 4.[2]

## I.    BACKGROUND

According to the Petition, Petitioner was convicted of a drug charge in Onondaga County in June 2007 and sentenced to three and a half year imprisonment followed by two and a half years post-release supervision. *Id*. at 9.  Petitioner was released on parole to New Jersey in or about July 2009 and, while still on parole, was arrested on drug and weapons charges in New Jersey.  *Id*.  Petitioner has alleged in his Petition that the Parole Board failed to properly credit his jail time in New Jersey to the remainder of his New York sentence, resulting in his being incarcerated beyond the maximum expiration of his sentence.  *Id*. at 11-12.  The sole relief sought by Petitioner is the immediate release from incarceration.  *Id*. at 4.

The Court learned through online Department of Corrections and Community Supervision ("DOCCS") inmate locator records that the maximum expiration date on Petitioner's sentence and on his post-release supervision was set at July 30, 3015.[3]  According to the DOCCS inmate locator records, Petitioner was released from incarceration on July 30, 2015, the

---

[1]  Petitioner has not challenged the two and a half years post-release supervision sentence imposed on the Onondaga County drug charge.  (*See generally* Dkt. No. 1.)

[2]    Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

[3]  *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ130, last visited May 31, 2016.

maximum expiration date of his sentence on the Onondaga County drug conviction in 2007.[4]

The Court has also learned through online DOCCS inmate locator records that Petitioner was incarcerated in New York again on September 21, 2015, on a new conviction on a charge of criminal sale of a controlled substance, and he is presently being housed in Wyoming Correctional Facility under Department Identification Number 15-B-2846.[5]

### B.      Court's April 20, 2016, Order

On April 20, 2016, the Court issued an Order directing the Parole Board to file a written submission setting forth the facts relevant to Petitioner's release from incarceration, and the Board's position with regard to whether the Petition was rendered moot by Petitioner's release and the expiration of his maximum sentence.  (Dkt. No. 10 at 3.)   Petitioner was directed to file a response setting forth his position on the mootness issue within twenty-one days after the Parole Board's submission.  *Id.*

On May 9, 2016, the Parole Board filed a Supplemental Memorandum of Law in opposition to Petitioner's habeas Petition in response to the Court's Order.  (Dkt. No. 13.) Petitioner has not filed a response, and the time within which to do so under the Court's Order has expired with no request for an extension having been filed by Petitioner.

### C.      The Parole Board's Supplemental Memorandum

According to the Parole Board, it recently learned from New York State inmate records officials and counsel to the Division of Parole that Petitioner was released to parole supervision on or about January 9, 2014, nearly six months after he had filed his habeas Petition.  *Id.* at 4.

---

[4]  *Id.*

[5]  *Id.*

Petitioner was subsequently arrested in Onondaga County on or about December 16, 2014, based on an indictment by an Onondaga County grand jury on new criminal sale of a controlled substance sale charges. *Id*. Petitioner was released a week later, likely because he made bail, and on March 11, 2015, was taken into custody by New York parole authorities on a parole warrant. *Id*. On April 23, 2015, following a final revocation hearing, Petitioner's parole was revoked, and he was ordered to be held on his sentence on the 2007 conviction until the maximum expiration date for that sentence, July 30, 2015. *Id*. at 4-5.

According to the Parole Board Supplemental Memorandum, Petitioner pleaded guilty to one count of third-degree criminal sale of a controlled on May 20, 2015, in exchange for a determinate three-year prison sentence in satisfaction of the new 2014 charges. *Id*. at 5. Petitioner was sentenced to that term on September 8, 2015, and is presently incarcerated solely pursuant to that sentence under DIN number 15-B-2846. *Id*.

## II.    ANALYSIS

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974)). "In general, if an event occurs while an [action] is pending that renders it impossible for the court to grant any form of effectual relief to plaintiff, the matter becomes moot and subject matter jurisdiction is lost." *Id*. (citing *Altman v. Bedford Cent. Sch. Dist*., 245 F.3d 49, 69 (2d Cir. 2001)); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983)

("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

In the context of a habeas petition, a petitioner no longer in custody is required to demonstrate a "collateral consequence" of the detention that can be remedied by granting the writ. *Spencer,* 523 U.S. at 7. When a habeas petitioner challenges the underlying criminal conviction, there is a presumption that collateral consequences exist. *Sibron v. New York*, 392 U.S. 40, 54-55 (1968) (cited in *Spencer,* 523 U.S. at 10-12). However, where as in this case, the petitioner is not challenging the validity of his underlying conviction and his sentence has expired, collateral consequences are not presumed, and the petitioner has the burden of identifying some ongoing collateral consequence traceable to the challenge. *See Spencer,* 523 U.S. at 14 (Supreme Court declined to extend the presumption of collateral consequences to a case involving habeas petitioner's challenge to a parole revocation where he had finished serving entire sentence and imposed burden on petitioner to affirmatively demonstrate such consequences); *U.S. v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (petitioner cannot rely upon the presumption of collateral consequences arising from a criminal conviction where he does not challenge his conviction, only his sentence enhancement); *Lewis v. New York*, No. 08-CV-4978, 2012 WL 5419899, at *3 (E.D.N.Y. Nov. 6, 2012)[6] (a habeas petitioner no longer in custody is required to establish the existence of a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ).

Where a habeas petitioner attacks only his sentence and not the conviction, his sentence

---

[6] Copies of all unpublished decisions cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

has been fully served, and there are no collateral consequences that could be eliminated by a successful attack on the sentence, the case is moot. *Lane v. Williams*, 455 U.S. 624, 631 (1982); *Roache v. Connell*, No. 06 Civ. 3567 (WHP)(RLE), 2012 WL 589670, at *4 (N.D.N.Y. Feb. 22, 2012) (habeas challenge to calculation of sentence moot where sentence had expired and petitioner was no longer in custody); *Reid v. Superintendent, Altona Corr. Facility*, 9:09-CV-0820, 2010 WL 4962990, at *3 (N.D.N.Y. Dec. 1, 2010) (habeas petitioner's claim that sentence had been improperly calculated found to be moot where petitioner had been released to parole and his sentence appeared to have expired). Habeas claims involving the calculation of credits for time in custody have been found moot following the petitioner's release from incarceration. *See, e.g., Ruddy v. Bocaud*, No. 08-CV-1319 (LEK), 2009 WL 5030790, at *3 (N.D.N.Y. Dec. 14, 2009) (habeas petitioner's challenge to sentencing credit given for time he service while on probation found to be moot where sentence had expired and there was no showing of collateral consequences); *Patterson v. Smith*, No. 5:10 CV 1825, 2011 WL 2144561, at *2 (N.D. Ohio May 31, 2011) ("The calculation of jail time credit to a sentence already served is not a collateral consequence. . . .")

In its Supplemental Memorandum, the Parole Board takes the position that Petitioner's claim that he is entitled to about two month's jail credit toward his 2007 New York sentence is moot now that his sentence has expired, he suffers no continuing injury that is a collateral consequence of his detention, and there is nothing the Court can do to remedy any improper calculation because there are no days left on the sentence to credit. (Dkt. No. 13 at 5-6.) The Court's April 20, 2016, Order provided Petitioner the opportunity to assert the existence of collateral consequences in this case and argue against a finding of mootness, and he has declined

that opportunity. Therefore, finding the Parole Board's reasoning on the question of mootness to be sound and in accord with judicial precedent cited herein, the Court recommends that Petitioner's habeas Petition be denied and dismissed on mootness grounds.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Petitioner's habeas Petition (Dkt. No. 1) be **DENIED** and **DISMISSED AS MOOT**; and it is hereby

**ORDERED**, that the Clerk's Office serve a copy of this Order and Report-Recommendation on Petitioner at Wyoming Correctional Facility, 3203 Dunbar Road, P.O. Box 501, Attica, New York 14011-0501, and provide Petitioner with copies of all unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).[7]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[7] Because Petitioner has not filed a change of address since his release from Gouverneur Correctional Facility ("Gouverneur"), the Docket maintained by the Clerk's Office continues to list his address as Gouverneur. The DOCCS inmate locator list, however, lists Petitioner's present place of confinement as Wyoming Correctional Facility.

Dated: June 2 2016
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

2012 WL 5419899
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Andre L. LEWIS, Petitioner,

v.

People of the State of NEW YORK, Respondent.

No. 08–CV–4978 (JFB).
|
Nov. 6, 2012.

**Attorneys and Law Firms**

Andre L. Lewis, pro se.

Anne E. Oh, Suffolk County District Attorney's Office,
Riverhead, N.Y., for respondent.

### MEMORANDUM AND ORDER

JOSEPH F. BIANCO, District Judge.

 **\*1** Andre L. Lewis (hereinafter "Lewis" or "petitioner")
petitions this Court for a writ of habeas corpus pursuant to
28 U.S.C. § 2241, challenging the length of his postrelease
supervision. On March 8, 2006, Lewis pled guilty before
County Court, Suffolk County, to one count of Attempted
Criminal Sale of a Controlled Substance in the Third Degree.
On April 5, 2006, petitioner was sentenced, as a second
felony offender, to four years' imprisonment and three years
of supervised release. Petitioner challenges his sentence on
the grounds that the Department of Corrections improperly
increased the length of his post-release supervision in
violation of his bargained-for sentence. For the reasons stated
below, petitioner's request for a writ of habeas corpus is
denied. Specifically, the petition is denied as moot because
Lewis has completed his post-release supervision and alleges
no collateral consequences from the allegedly lengthened
sentence.

### I. BACKGROUND

Petitioner was charged under Suffolk County Indictment
Number 2396–05 with Criminal Sale of a Controlled
Substance in the Third Degree and Criminal Possession of

a Controlled Substance in the Third Degree. Petitioner pled
guilty on March 8, 2006 to one count of Attempted Criminal
Sale of a Controlled Substance in the Third Degree. On
April 5, 2006, petitioner was sentenced, as a second felony
offender, to a determinate term of four years' imprisonment,
followed by three years of supervised release.

On October 30, 2008, petitioner filed in this Court his petition
for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.
On March 30, 2009, respondent filed a response seeking
dismissal of the petition on the grounds that petitioner had
not exhausted his state court remedies. On May 5, 2011, the
Court ordered respondent to advise the Court as to whether
petitioner remained in custody. On June 27, 2011, respondent
filed a letter with the Court indicating that petitioner's post-
release supervision maximum expiration date was December
29, 2011. On January 27, 2012, the Court ordered petitioner
and respondent to submit separate letters confirming whether
petitioner had completed his post-release supervision and,
if so, explaining why the petition should not be dismissed
as moot. The January 27, 2012 Order mailed to plaintiff
was returned as undeliverable on February 9, 2012. The
respondent submitted a letter on April 5, 2012, confirming
that petitioner was released from the supervision of the New
York State Department of Parole on December 29, 2011
and requesting, as a result of this fact, that the petition be
dismissed as moot.

### II. DISCUSSION

#### A. "In Custody" Requirement

Petitioner brings the instant petition pursuant to 28 U.S.C. §
2241. The Second Circuit has explained that

> Section 2241 ... is the proper means to
> challenge the *execution* of a sentence.
> In a § 2241 petition a prisoner may
> seek relief from such things as, for
> example, the administration of his
> parole, computation of his sentence
> by parole officials, disciplinary actions
> taken against him, the type of
> detention, and prison conditions in the
> facility where he is incarcerated.

**\*2** *Adams v. United States,* 372 F.3d 132, 135 (2d Cir.2004) (emphasis in original); *see also Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir.2001).

A federal court has jurisdiction to consider a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).[1] Thus, the petitioner must be "in custody" within the meaning of 28 U.S.C. § 2241. *See Scanio v. United States,* 37 F.3d 858, 860–61 (2d Cir.1994) (denying a petition for writ of habeas corpus pursuant to 22 U .S.C. § 2255 because the petitioner failed to satisfy "in custody" requirement). *See also Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (explaining that relief is generally unavailable through a writ of habeas corpus when a petitioner seeks to challenge a prior conviction for which the person is no longer "in custody"). As the Third Circuit has noted, "custody is the passport to federal habeas corpus jurisdiction." *United States ex rel. Dessus v. Pennsylvania,* 452 F.2d 557, 560 (3d Cir.1971).

Physical confinement is not necessary to satisfy the "in custody" requirement; for example, a petitioner who is on parole or serving a term of supervised release is considered to be "in custody" for purposes of federal habeas corpus statutes. *See Earley v. Murray* 451 F.3d 71, 75 (2d Cir.2006). The custody requirement is also met where a prisoner attacks any one of a number of sentences, *see, e.g., Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and when a prisoner attacks an earlier conviction, the effect of which was to delay the start of his current unrelated sentence, *see, e.g, Harrison v. Indiana,* 597 F.2d 115, 117 (7th Cir.1979). Moreover, the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed." Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (emphasis added). Specifically, the Supreme Court has held that even a liberal construction of the "in custody" requirement for purposes of federal habeas relief does not extend to the situation where, at the time the petition is filed, a "habeas petitioner suffers no present restraint from a conviction." *Maleng,* 490 U.S. at 492. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). As a result, "its use

has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

In the instant case, petitioner satisfies the "in custody" requirement because he was detained at Lakeview Shock Incarceration Correctional Facility at the time he filed his Section 2241 petition on October 30, 2008. However, that does not end the inquiry. The Court must still examine whether the petition is moot.

B. Mootness

**\*3** Federal courts are permitted to exercise jurisdiction only over cases "that present a live case or controversy." *Arias v. Donilli,* No. CV–03–4098(DGT), 2007 U.S. Dist. LEXIS 8452, 2007 WL 433402, at \*12 (E.D.N.Y. Feb.6, 2007) (citing *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). The Supreme Court has explained that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). "The Supreme Court has held that a habeas petition challenging a criminal conviction is not moot if the petitioner, although released from custody, may continue to suffer collateral consequences as a result of that conviction." *Garcia v. Woughter,* l:09–cv–7722 (GBD)(JCF), 2011 U.S. Dist. LEXIS 131504, 2011 WL 5519890, at \*3 (S.D.N.Y. Nov. 14, 2011) (citing *Pollard v. United States,* 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957)); *see also Agoro v. Herron,* No. 10–CV–1055(MAT), 2012 U.S. Dist. LEXIS 73312, at \*5, 2012 WL 1909214 (W.D.N.Y. May 25, 2012) ("Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." (citation omitted)); *Garcia v. McCoy,* 97 Civ. 1131(JGK), 1998 U.S. Dist. LEXIS 8053, at \*2, 1998 WL 288625 (S.D.N.Y. June 2, 1998) ("Since the petitioner in this case has been released from prison, the Court can retain jurisdiction over his application only if [petitioner] also faces adverse collateral consequences from the conviction for which he was imprisoned.").

The Supreme Court has been willing to presume the existence of collateral consequences following a conviction. *See Spencer,* 523 U.S. at 8. However, " 'when a defendant

challenges only an expired sentence, no ... presumption [of collateral consequences] applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision.' " *Alshalabi v. United States,* 08 CV 2734(RJD), 2012 U.S. Dist. LEXIS 29807, at *8, 2012 WL 727911 (E.D.N.Y. Mar. 6, 2012) (quoting *United States v. Juvenile Male,* ––– U.S. ––––, ––––, 131 S.Ct. 2860, 2864, 180 L.Ed.2d 811 (2011)). Furthermore, "where a habeas petitioner only challenges a sentencing enhancement, and not the underlying conviction itself, the court does not presume the existence of collateral consequences because comparable civil disabilities generally do not arise from the length of a sentence." *Al–Sadawi v. United States,* 08–CV–549 (NGG), 2011 U.S. Dist. LEXIS 25506, at *11, 2011 WL 888118 (E.D.N.Y. Mar. 14, 2011); *see Garcia v. Schultz,* No. 05–CV–2428 (BSJ)(MHD), 2009 U.S. Dist. LEXIS 126453, at *12–13, 2010 WL 1328349 (S.D .N.Y. Jan. 13, 2010) (finding that a petitioner challenging only his sentence, who has already been discharged from parole, has "no injury that this court could remedy at this point, and any possible future adverse consequences that might flow from an arguably over long prison term necessarily would be purely speculative if not nonexistent"), *adopted by* 2010 U.S. Dist. LEXIS 32895, 2010 WL 1328333 (S.D.N.Y. Apr. 2, 2010). Thus, where a petitioner has been released from custody, the burden is on the petitioner to establish that he continues to suffer collateral consequences from his conviction and sentence. *See Al–Sadawi,* 2011 U.S. Dist. LEXIS 25506, at *12, 2011 WL 888118 (quoting *United States v. Hamdi,* 432 F.3d 115, 118 (2d Cir.2005) ("[A] petitioner's challenge solely to the length of his completed sentence will only satisfy the constitutional case or controversy requirement if the petitioner can actually show 'some concrete and identifiable collateral effect of that sentence.' ")); *see also Razzoli v. United States Parole Comm'n,* 116 F. App'x 292, 293 (2d Cir.2004) ("Where, as here, a petitioner's habeas petition challenges parole revocation proceedings, his petition becomes moot when he is released from custody unless he is able to demonstrate collateral consequences stemming from the parole revocation proceedings."). Similarly, where "an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Agoro,* 2012 U.S. Dist. LEXIS 73312, at *6, 2012 WL 1909214; *see Denis v. DHS/ICE of Buffalo N.Y.,* 634 F.Supp.2d 338, 341 (W.D.N.Y.2009) (Report and Recommendation) ("Because the only relief sought by [petitioner], and obtainable from this Court, was

release from DHS custody, [petitioner's] habeas petition became moot upon his release under an order of supervision, which terminated his custodial detention."); *Baptiste v. INS,* 06–CV–0615 (NG), 2006 U.S. Dist. LEXIS 77084, at *5, 2006 WL 3050884 (E.D.N.Y. Oct. 23, 2006) (holding that where petitioner was released pursuant to an order of supervision pending her removal, it was "clear that petitioner in the case at hand was challenging only the lawfulness of her detention" and "as a result of her release, [her] application for relief [was] moot").

**\*4** In this case, the petition is moot because petitioner was released from post-release supervision on December 29, 2011, and does not allege that he suffers from any ongoing restraints on his liberty. The Court's January 27, 2012 Order seeking additional information regarding whether petitioner, having been released from prison on the conviction he was challenging and having completed his post-release supervision, could provide any reason why his petition should not be dismissed as moot, was returned as undeliverable on February 9, 2012. Respondent has not updated his address since he resided at Attica Correctional Facility and has not communicated with the Court since June 4, 2009.

Thus, petitioner has not alleged that he suffers from any adverse collateral consequences following his release from physical custody and the expiration of his post-release supervision. Accordingly, although the "in custody" requirement was met at the time petitioner filed the petition for habeas relief, the petition is moot and must be dismissed because petitioner is no longer subject to any "continuing restraints on his liberty, such as parole or some form of supervised release" and does not allege any adverse collateral consequences following his release from custody. *Whaley v. Graham,* 06–CV–3843 (JFB), 2008 U.S. Dist. LEXIS 82987, at *16, 2008 WL 4693318 (E.D.N.Y. Oct. 15, 2008); *see Banks v. Gonzalez,* 496 F.Supp.2d 146, 150 (D.D.C.2007) (dismissing habeas petition as moot where "petition does not allege that he is currently subject to any restraints on liberty and does not allege government actions that are redressable under habeas"); *see also Spencer,* 523 U.S. at 3, 18 (dismissing habeas petition challenging the revocation of parole as moot because petitioner was released from custody and parole).

### III. CONCLUSION

For the foregoing reasons, Lewis's petition for a writ of habeas corpus is denied as moot. The Second Circuit has never ruled on whether a certificate of appealability is required for a state detainee to challenge denial of habeas relief under 28 U.S.C. § 2241. *See Johnson v. New York,* 12–CV–03213 (RRM), 2012 U.S. Dist. LEXIS 96153, at *5–6, 2012 WL 2861004 (E.D.N.Y. July 11, 2012); *Marte v. Berkman,* 11 Civ. 6082(JFK), 2011 U.S. Dist. LEXIS 120132, at *28–29, 2011 WL 4946708 (S.D.N.Y. Oct. 18, 2011), *aff'd Marte v. Vance,* 11–4486–cv, 2012 U.S.App. LEXIS 9480, 2012 WL 1632606 (2d Cir. May 10, 2012). Assuming a certificate of appealability is required, it is denied to petitioner, because the petition is clearly moot and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of Court is directed to enter judgment accordingly and close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 5419899

## Footnotes

1   Additionally, federal courts have jurisdiction over a writ pursuant to 28 U.S.C. § 2241 from a prisoner who is "in custody under or by color of the authority of the United States"; is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States"; "being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations"; or who must be brought "into court to testify or for trial." 28 U.S.C. § 2241(c).

**End of Document**
© 2016 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 2144561
Only the Westlaw citation is currently available.
United States District Court,
N.D. Ohio,
Western Division.

Juvalian Calvin PATTERSON, Petitioner,
v.
Keith SMITH, Warden, Respondent.

No. 5:10 CV 1825.
|
May 31, 2011.

**Attorneys and Law Firms**

Juvalian Calvin Patterson, Canton, OH, pro se.

Thelma Thomas Price, Office of the Attorney General–
Corrections Litigation, Columbus, OH, for Respondent.

*MEMORANDUM OPINION AND ORDER*

JACK ZOUHARY, District Judge.

### INTRODUCTION

**\*1** This matter comes before the Court on *pro se* Petitioner
Juvalian Patterson's Petition for Federal Habeas Corpus
under 28 U.S .C. § 2254 (Doc. No. 1). On August 18,
2010, Petitioner was released from Mansfield Correctional
Institution to the supervision of the Ohio Adult Parole
Authority on "transitional control" (Doc. No. 8–3 at 102).
Respondent, Warden Keith Smith, moved to dismiss the
Petition as moot (Doc. No. 7 at 10). For the reasons described
below, the Court grants the Motion.

### BACKGROUND

In November 2001, Petitioner was charged with aggravated
burglary (with firearm specification), robbery, and carrying
concealed weapons in the Stark County, Ohio Court of
Common Pleas (Doc. No. 1 at 19). In February 2002,
Petitioner pled guilty to all counts (Doc. No. 8–1 at 8).
Petitioner was sentenced to three years for aggravated
burglary, a consecutive three-year sentence for the firearm
specification, and three years for robbery to be served

concurrently with the aggravated burglary sentence (Doc.
No. 8–1 at 19–21). For carrying a concealed weapon,
Petitioner was sentenced to eleven months in prison, to be
served concurrently with the aggravated burglary and robbery
sentences (Doc. No. 8–1 at 21–22).

In March 2002, Petitioner was given 90 days credit for
time served for aggravated burglary (with gun specification),
robbery, and carrying concealed weapon conviction (Case
No.2001 CR1623) (Doc. No. 8–1 at 28). Petitioner was
also given 34 days credit for time served for complicity
to aggravated robbery (with gun specification) (Case
No.2002CR0100) (Doc. No. 8–1 at 29).

In August 2010, Petitioner was released from Mansfield
Correctional Institution to the supervision of the Ohio Adult
Parole Authority on "transitional control" (Doc. No. 8–3 at
102), and filed the pending Petition the same day.

In December 2010, Petitioner was resentenced pursuant to
*State v. Singleton,* 124 Ohio St. 3 d. 173 (2009), and ordered
to serve a mandatory five-year term of post-release control on
his release from prison (Doc. No. 8–3 at 97).

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state
courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not
issue unless the state decision "was contrary to, or involved
an unreasonable application of, clearly established federal
law as determined by the Supreme Court of the United
States." A federal court may grant habeas relief if the state
court arrives at a decision opposite to that reached by the
Supreme Court of the United States on a question of law,
or if the state court decides a case differently than did the
Supreme Court on a set of materially indistinguishable facts.
*Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146
L.Ed.2d 389 (2000). The appropriate measure of whether
or not a state court decision unreasonably applied clearly
established federal law is whether that state adjudication
was "objectively unreasonable," and not merely erroneous or
incorrect. *Williams,* 529 U.S. at 409–11; *see also Machacek
v. Hofbauer,* 213 F.3d 947, 953 (6th Cir.2000). Pursuant to
28 U.S.C. § 2254(e)(1), findings of fact made by the state
court are presumed correct, and rebuttable only by clear and
convincing evidence to the contrary. *McAdoo v. Elo,* 365 F.3d
487, 493–494 (6th Cir.2004).

## DISCUSSION

**\*2** Petitioner disputes his *sentence* but does not contest his conviction (Doc. No. 1 at 3, 8, 12). Since filing the Petition, Petitioner has been released (Doc. No. 8–3 at 102). Respondent has moved to dismiss, arguing Petitioner's sole claim for relief, seeking additional jail time credit, is moot (Doc. No. 7 at 9–11). Petitioner has not filed any opposition.

A petition is moot when there ceases to be a case or controversy between the parties and deprives the court of jurisdiction. *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Generally, a criminal conviction carries sufficient collateral consequences to present a live case and controversy despite the petitioner's release from custody. *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). "[A]n inmate who is challenging his *conviction,* where his petition was filed while incarcerated, continues to have a case or controversy after release because there are collateral consequences from his *conviction* such as having lost the right to vote, serve on a jury, hold public office or having future sentence enhanced." *Id* . at 237–38 (emphasis added). An individual attacking his sentence, but not the conviction, cannot seek habeas corpus relief where the sentence has been fully served and there are no collateral consequences that could be eliminated by a successful attack on the sentence. *Lane. v. Williams,* 455 U.S. 624, 632, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

Here, Petitioner is not contesting his conviction, but is requesting an adjustment in the calculation of his sentence (Doc. No. 1 at 9–12). Specifically, Petitioner argues the court violated his Equal Protection Rights by misapplying jail time credit—by not applying 90 days of credit towards each term (Doc. No. 1 at 9). Petitioner's sentence of imprisonment has expired. The calculation of jail time credit to a sentence already served is not a collateral consequence—Petitioner's post-release control status is irrelevant because the length of his sentence of imprisonment does not influence the length of his post-release control, which is mandated by state statute. The state court imposed five years of post-release control because Petitioner was convicted of at least one first-degree felony subject to a mandatory five-year period of post-release control.

Petitioner has not presented facts demonstrating his conviction was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. No. 7) is granted. Furthermore, this Court certifies under 28 U.S.C. § 1915(a), that an appeal from this action could not be taken in good faith and therefore declines to issue a certificate of appealability.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 2144561

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 4962990
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Clyde REID, Petitioner,
v.
SUPERINTENDENT, ALTONA
CORRECTIONAL FACILITY, Respondent.

No. 9:09–CV–0820 (GTS).
|
Dec. 1, 2010.

**Attorneys and Law Firms**

Clyde Reid, Brooklyn, NY, pro se.

Hon. Andrew M. Cuomo, Attorney General for the State
of New York, Priscilla I. Steward, Esq, Assistant Attorney
General, of Counsel, New York, NY, for Respondent.

### DECISION AND ORDER

Hon. GLENN T. SUDDABY, District Judge.

 **\*1**  On July 2, 2009, Clyde Reid ("Petitioner") filed a petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254
in which he argued as follows: (1) the New York State
Department of Corrections ("DOCS") failed to place him in a
90–day substance abuse program in accordance with a parole
violation sanction imposed by the New York State Division
of Parole; and (2) DOCS improperly calculated his prison
release date by adding four months of prison time to his
parole revocation sentence. (Dkt. No. 1 at ¶ 5.) Respondent
argues that, because Petitioner has been released to parole,
the petition should be dismissed as moot. (Dkt. No. 13,
Respondent's Memorandum of Law, at 4–8 ["Resp't Mem."].)
For the reasons that follow, the petition is dismissed as moot.

## I. RELEVANT BACKGROUND
On September 21, 2006, Petitioner was adjudicated a youthful
offender following his guilty plea in Kings County Supreme
Court to first degree gang assault and first degree robbery.
(Dkt. No. 14, Attach. 1 [Ex. A].) Petitioner was sentenced to
an aggregate term of one and one-third to four years in prison.
(*Id.*)

On February 5, 2009, Petitioner was released to parole
supervision. (Dkt. No. 14, Attach. 2 [Ex. B].) On April
28, 2009, Petitioner was served with a notice of a parole
violation based upon the following charges: (1) on March
30, 2009, Petitioner was observed operating a motor vehicle
without a seat belt; (2) on March 30, 2009, Petitioner
was operating a motor vehicle without a license; (3) on
March 30, 2009, Petitioner possessed a forged Pennsylvania
insurance card; and (4) on or about April 7, 2009, Petitioner
used marijuana without medical authorization. (Dkt. No. 14,
Attach. 3 [Ex. C].) On May 29, 2009, Petitioner pleaded guilty
to using marijuana without medical authorization. (Dkt. No.
14, Attach. 4 [Ex. D].)

In a Parole Revocation Decision Notice dated May 30, 2009,
an Administrative Law Judge ("ALJ") declared Petitioner
delinquent on his parole as of April 16, 2009. (Dkt. No. 14,
Attach. 4 [Ex. D].) The ALJ ordered Petitioner to enter a 90–
day substance abuse treatment program or, in the alternative,
that he be held in prison until his maximum expiration date.
(*Id.*)

On June 12, 2009, Petitioner was returned to DOCS and was
credited with forty-five days of parole time. (Dkt. No. 14,
Attach. 5 [Ex. E].) DOCS calculated his conditional release
date to be January 2, 2010, and his maximum expiration date
to be May 4, 2010. (*Id.*)

DOCS did not transfer Petitioner to a substance abuse
treatment program. (Dkt. No. 1.) On July 15, 2009, Petitioner
filed the pending petition for a writ of habeas corpus in this
Court. (Dkt. No. 1.)

On August 31, 2009, with the assistance of an attorney,
Petitioner filed a state petition for a writ of habeas corpus in
the Clinton County Supreme Court. (Dkt. No. 14, Attach. 6
[Ex. F].) Counsel argued that Petitioner should be released
to parole supervision because DOCS did not transfer him
to the substance abuse treatment program, and ninety days
had passed since he was directed to enter and complete the
program. (*Id.*)

 **\*2**  The Division of Parole ALJ issued an amended Parole
Revocation Decision Notice on November 2, 2009. (Dkt.
No. 14, Attach. 7 [Ex. G].) In the amended decision, the
ALJ noted that, for "reasons unknown," Petitioner was not
transferred to the substance abuse treatment program. (*Id.*)
Since Petitioner served six months on the parole revocation,
and was not transferred to treatment, the ALJ amended the

sentence imposed on the parole revocation to time served "in the interest of justice" and directed that Petitioner be restored to parole. (*Id.*) On November 20, 2009, Petitioner withdrew his state habeas petition because he had been released. (Dkt. No. 14, Attach. 8 [Ex. H].)

On January 11, 2010, the Attorney General of the State of New York, acting on behalf of Respondent, filed a letter motion requesting permission to limit his response to the question of whether the habeas petition pending in this Court was also moot in light of Petitioner's release from custody. (Dkt. No. 10.) In an Order dated January 12, 2010, the Court granted Respondent's motion. (Dkt. No. 11.) On January 15, 2010, Respondent filed a response to the petition. (Dkt.Nos.12–15.) Petitioner was granted permission to file a Traverse, but to date has not done so. (*See* Dkt. No. 11.)

## II. DISCUSSION

This Court's subject matter jurisdiction is limited by Article III, Section 2 of the United States Constitution to matters that present a "case or controversy." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Baur v. Veneman,* 352 F.3d 625, 631–32 (2d Cir.2003). Habeas petitioners no longer in custody must demonstrate the existence of a "concrete and continuing injury" or some " 'collateral consequence' of the conviction" in order for a petition to be granted. *Spencer,* 523 U.S. at 7; *Jackson v. Schult,* 07–CV–1146, 2008 WL 5056851, at *1 (N.D.N.Y. Nov. 21, 2008) (Hurd, J. adopting Bianchini, M.J.).

The Supreme Court has stated that a challenge to an underlying conviction itself carries the presumption that collateral, adverse consequences exist. *Spencer,* 523 U.S. at 12 ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.' ") (quoting *Sibron v. New York,* 392 U.S. 40, 55 [1968] ). But because Petitioner does not challenge his underlying conviction, no presumption of collateral consequences exists in this case. *Spencer,* 523 U.S. at 7–8. Petitioner must therefore prove the existence of a concrete and continuing injury resulting from the DOCS's failure to place him in a substance abuse treatment program, and from an allegedly incorrect calculation of his sentence. *Id.* at 7; *Jackson,* 2008 WL 5056851, at *1.

When the Division of Parole learned that Petitioner was not transferred to a substance abuse treatment program in accordance with its May 30, 2009 Parole Revocation Decision Notice, the ALJ amended its decision and directed that Petitioner be sentenced to time served on the parole revocation and restored to parole "interests of justice." (Dkt. No. 14, Exs.D, G.) Under these circumstances, Petitioner cannot demonstrate an ongoing, concrete injury resulting from DOCS's failure to place him in a substance abuse treatment program in accordance with the original Parole Revocation Decision Notice, and this claim is therefore moot. *Spencer,* 523 U.S. at 7–8.

**\*3** In addition, Petitioner's claim that DOCS improperly calculated his sentence is moot because he has been released to parole, and his sentence appears to have expired on or about May 4, 2010. (Dkt. No. 14, Ex. E.) *See also Spencer,* 523 U.S. at 14–18; *Ruddy v. Bocaud,* 08–CV–1319, 2009 WL 5030790, at *3 (N.D.N.Y. Dec. 14, 2009) (Kahn, J) (concluding that claims that petitioner did not receive appropriate credit to his sentence for time served while he was on probation and that his parole was improperly revoked were moot because petitioner was released from prison); *Robinson v. Connell,* 03–CV–1151, 2008 WL 907318, at *2 (N.D.N.Y. Mar. 31, 2008) (Kahn, J. adopting Bianchini, M.J.) (concluding that habeas petition based upon petitioner's allegation that his conditional and maximum release dates from prison were improperly calculated was mooted by petitioner's release from prison because petitioner "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ.").

**ACCORDINGLY,** it is

**ORDERED** that the petition for a writ of habeas corpus (Dkt. No. 1) is ***DENIED*** and ***DISMISSED* as moot;** and it is

**ORDERED** that no certificate of appealability shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S .C. § 2253(c)(2).

## All Citations

Not Reported in F.Supp.2d, 2010 WL 4962990

---

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 589670
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Walter J. ROACHE, Petitioner,

v.

S.A. CONNELL, Superintendent, Oneida
Correctional Facility, Respondent.

No. 9:09–CV–1302 (FJS).
|
Feb. 22, 2012.

**Attorneys and Law Firms**

Walter J. Roache, Marcy, NY, pro se.

Office of the New York, State Attorney General, Lisa E. Fleischmann, AAG, of Counsel, New York, NY, for Respondent.

**MEMORANDUM–DECISION AND ORDER**

SCULLIN, Senior District Judge.

### I. INTRODUCTION

**\*1** Petitioner Walter J. Roache, a state prisoner appearing *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he argued that the New York State Department of Corrections and Community Supervision ("DOCCS") improperly altered a sentencing commitment order by calculating his 1993 sentence to run consecutively to an undischarged 1979 sentence, without a court order, in violation of the separation of powers doctrine and his right to due process. *See* Dkt. No. 4, Amended Petition, at 2–14; Dkt. No. 21, Supplemental Traverse, at 1–11. On February 23, 2010, Respondent filed an answer, memorandum of law and the relevant state-court records. *See* Dkt. Nos. 16–18. Petitioner filed a traverse on February 24, 2010, and a supplemental traverse on March 17, 2010. *See* Dkt. Nos. 19, 21.

### II. BACKGROUND

**A. Relevant state-court proceedings**

On July 31, 1979, Petitioner was convicted of first degree rape in Orange County Court and was sentenced to serve 8 1/3 to 25 years in prison. *See* Dkt. 17, Exhibit "A," Sentencing Transcript ("Sentencing Tr."), at 3–4; Dkt. No. 16, Respondent's Memorandum of Law, at 4. Petitioner was paroled in 1987 and re-incarcerated following a parole violation in 1989. *See* Sentencing Tr. at 4. In 1990, Petitioner was again paroled. On January 5, 1993, he pled guilty to first degree sexual abuse (N.Y. Penal Law § 130.65(3)), a class D felony. *See* Sentencing Tr. at 2. During the sentencing proceedings, Petitioner asked the court to run his sentence concurrently to the undischarged 1979 sentence. *See id.* at 13. The court refused, stating, "It is illegal. I cannot run a sentence of this nature concurrent." *See id.* The court then sentenced Petitioner to serve 3 to 6 years in prison and reiterated that, "by statute, that sentence runs consecutive. I would mandate anyway that that [sic] sentence would run consecutive just in case there's a question about that." *See id.* at 17. The sentencing commitment order was silent with regard to whether the sentence ran consecutively or concurrently to the undischarged 1979 sentence. *See* Dkt. No. 17, Exhibit "B". Petitioner's sentence expired on February 2, 2010. *See* Dkt. No. 16, Respondent's Memorandum of Law, at 2.

Petitioner filed a state-court petition for a writ of habeas corpus, dated March 23, 2004, in which he argued that he was entitled to release because the 1993 sentence had expired, his 1979 conviction was illegal, and he was improperly deprived of good time credits. *See* Dkt. No. 17, Exhibit "E," Petition for a Writ of Habeas Corpus, at 6–72. Petitioner also filed another document, dated April 29, 2004, in support of his petition in which he argued that DOCCS could not disregard the 1993 sentencing commitment order, which was silent regarding whether the sentence was consecutive or concurrent. *See id.,* Affidavit In Support of Motion Pursuant to Exigi Facias, Exigent Circumstances Pursuant to Writ of Habeas Corpus, at 92–99. The court denied the petition on August 30, 2004.[1] *See id.* at 148–49 (Decision and Order, Julian, J., Aug. 30, 2004). The court also issued an amended order on April 12, 2005, denying the petition because "the sentence was properly calculated." *See id.* at 160 (Order (Amended), Julian, J., Apr. 12, 2005). Petitioner appealed the denial of his petition in March 2006; and, on July 7, 2006, the Appellate Division affirmed. *See* Dkt. No. 17, Exhibit "D"; *People ex rel. Roache v. Connell,* 31 A.D.3d 1199, 818 N.Y.S.2d 723 (4th Dep't 2006). On January 19, 2007, the Court of Appeals denied leave to appeal and denied reargument on March 27, 2007. *See People ex rel Roache v. Connell,* 8 N.Y.3d 803, 830

N.Y.S.2d 699, 862 N.E.2d 791, *rearg. denied,* 8 N.Y.3d 907, 834 N.Y.S.2d 79, 865 N.E.2d 1245 (2007).

**\*2** Petitioner filed another state-court habeas petition on May 23, 2007, in Westchester County, in which he again argued that, because the 1993 sentencing commitment order did not specify whether the sentence was consecutive or concurrent, DOCCS was required to calculate it to run concurrent. [2] *See* Dkt. No. 17, Exhibit "N," Petition for Writ of Habeas Corpus, at R 12–31. The Westchester County court transferred the petition to Oneida County Court, which denied it on July 6, 2007. *See* Dkt. No. 17, Exhibit "N," at R 7–8 (Decision and Order, Julian, J., July 6, 2007). On August 15, 2007, Petitioner moved to reargue his petition. *See id.,* Notice of Motion, Pursuant to Reargument, at R 55–86. The court denied the motion on December 7, 2007. *See id.* at R 4–5 (Order, Julian, J., Dec. 7, 2007). Petitioner appealed; and, on March 30, 2009, the Appellate Division, Fourth Department, dismissed the appeal. *See People ex rel Roache v. Connell,* 60 A.D.3d 1367, 874 N.Y.S.2d 838 (4th Dep't 2009); Dkt. No. 17, Exhibit "P." The court denied leave to appeal on June 24, 2009. *See People ex rel Roache v. Connell,* 12 N.Y.3d 1367 (2009); Dkt. No. 17, Exhibit "R."

**B. Relevant federal-court proceedings**
In 2006, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Southern District of New York in which he challenged both his 1979 and 1993 convictions. *See Roache v. Connell,* No. 06 Civ. 3567, 2010 WL 6512333 (S.D.N.Y. May 24, 2010). One of Petitioner's claims was that "the consecutive nature of his sentence [was] illegal[.]" *Id.* at * 1. Petitioner had previously filed a habeas petition in the Southern District challenging his 1979 conviction, which the court had denied in May 2001. *See id.* at *3. The court, therefore, construed the 2006 petition as a successive petition and transferred it to the Second Circuit for authorization. *See id.*

On September 28, 2006, the Second Circuit denied the application. *See id.* Petitioner moved for reconsideration of the dismissal of his challenge to his 1993 conviction. *See id.* On February 13, 2008, the Second Circuit found that the district court had misconstrued the 2006 petition as a successive challenge to the 1979 conviction instead of an initial section 2254 petition challenging the 1993 conviction. *See id.* The Circuit vacated the district court's transfer order with respect to the 1993 conviction and remanded the petition for review. *See id.*

In a Report and Recommendation issued on May 24, 2010, Magistrate Judge Ronald L. Ellis recommended that the district court deny and dismiss the petition because it was untimely and, in the alternative, lacked merit. *See Roache,* 2010 WL 6512333, at *3–*9. Magistrate Judge Ellis rejected Petitioner's consecutive sentence claim, finding that "Roache's sentence was lawfully imposed" pursuant to New York Penal Law § 70.25(2)(a), which required the sentencing court "to impose a consecutive sentence because of [Petitioner's] status as a second-felony offender." *Id.* at *8 (citation omitted). [3] On April 14, 2011, District Judge William H. Pauley III adopted the Report and Recommendation in its entirety, denied the petition, and declined to issue a certificate of appealability. *See Roache v. Connell,* No. 06 Civ. 3567, 2011 WL 1465989, *1 (S.D.N.Y. Apr. 14, 2011).

**\*3** Petitioner's filed his original petition, dated November 18, 2009, in this Court while his 2006 petition was pending in the Southern District. *See* Dkt. No. 1.

### III. DISCUSSION

**A. Second or successive petition**
Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a petitioner may file a second or successive habeas petition in which he challenges the same conviction, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the Court of Appeals. *See Magwood v. Patterson,* ––– U.S. ––––, ––––, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010); *Torres v. Senkowski,* 316 F.3d 147, 149–52 (2d Cir.2003). The statute does not define "second or successive," but the Supreme Court has stated that the phrase "does not simply 'refe[r] to all § 2254 applications filed second or successively in time[.]' " *Magwood,* 130 S.Ct. at 2796 (quoting *Panetti v. Quarterman,* 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007)); *see also Muniz v. United States,* 236 F.3d 122, 125 (2d Cir.2001) (stating that "not every habeas corpus or § 2255 motion 'that is filed after a prior one' is properly considered a 'second or successive' filing in the technical sense meant by AEDPA" (citations omitted)). Rather, for a petition to be "second or successive," a court must have decided the first petition on the merits. *See Slack v. McDaniel,*

529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that a petition was not successive when the court had dismissed the first petition challenging the same judgment for failure to exhaust state-court remedies); *Stewart v. Martinez–Villareal,* 523 U.S. 637, 644–45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (stating that a claim of a capital prisoner that he was insane and could not be put to death was unripe until the State issued a warrant for his execution; and, therefore, the prisoner's subsequent request for consideration of that previously unripe claim was not "second or successive" for purposes of § 2244(b)).

Petitioner's arguments in this action center around his claim that DOCCS acted without judicial authority when it calculated his 1993 sentence to run consecutively to his 1979 sentence. It is a different legal theory than the one he apparently presented in the petition he filed in the Southern District of New York, but it is still a challenge to the consecutive nature of the 1993 sentence. When Petitioner filed his petition in this Court, however, the court in the Southern District had not yet decided his petition. It does not appear, therefore, that this Court should render the pending petition "second or successive" simply because the Southern District issued its decision first. *See, e.g., Whab v. United States,* 408 F.3d 116, 120 (2d Cir.2005) (holding that the "proper reference point for determining whether a petition is 'second or successive' is the moment of filing, regardless of whether the petitioner files directly in the district court or first files an application for gatekeeping approval in the court of appeals"); *Agoro v. United States,* No. 11 Civ. 1818, 2011 WL 1330771, *3 (S.D.N.Y. Apr.4, 2011) (stating that "[t]his section 2241 petition would not be considered successive with respect to *Agoro v. United States,* even if AEDPA's restrictions apply, because appellate proceedings in *Agoro v. United States* remain pending"); *Palmer v. Phillips,* 05 Civ. 9894, 2007 WL 60419, *2 (S.D.N.Y. Jan.8, 2007) (holding that habeas petition was not second or successive when it was filed four days before the Second Circuit denied a certificate of appealability on the first habeas petition). Accordingly, the Court will not construe this petition as "second or successive" and transfer it to the Second Circuit for authorization.

**B. The petition is moot**

**\*4** Article III, Section 2 of the United States Constitution limits this Court's subject matter jurisdiction to matters that present a "case or controversy." *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Baur v. Veneman,* 352 F.3d 625, 631–32 (2d Cir.2003). Habeas petitioners no longer in custody must demonstrate the existence of

a "concrete and continuing injury" or some " 'collateral consequence' of the conviction" in order for the court to grant a petition. *Spencer,* 523 U.S. at 7; *Jackson v. Schult,* No. 9:07–CV–1146, 2008 WL 5056851, *1 (N.D.N.Y. Nov.21, 2008) (citations omitted).

A challenge to an underlying conviction itself carries the presumption that a collateral, adverse consequence exists. *See Spencer,* 523 U.S. at 12; *Sibron v. New York,* 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

However, because Petitioner does not challenge his underlying conviction, no presumption of collateral consequences exists in this case. *See Spencer,* 523 U.S. at 7–8. He must therefore prove the existence of a concrete and continuing injury resulting from an allegedly incorrect calculation of his sentence. *See id.* at 7; *Jackson,* 2008 WL 5056851, at *1. Since Petitioner's sentence has expired, and he is no longer in DOCCS custody, the Court finds that this petition is moot. *See Spencer,* 523 U.S. at 14–18; *Ruddy v. Bocaud,* 9:08–CV–1319, 2009 WL 5030790, *3 (N.D.N.Y. Dec.14, 2009) (finding that claims that petitioner did not receive appropriate credit to his sentence for time served while he was on probation and that his parole was improperly revoked were moot because the petitioner was released from prison); *Reyes v. New York,* No. 08 Civ. 8645, 2009 WL 1066938, *2 (S.D.N.Y. Apr.21, 2009) (finding that, because the petitioner was released from custody and deported, the issue of whether his sentences should run concurrently or consecutively was moot); *Robinson v. Connell,* No. 9:03–CV1151, 2008 WL 907318, *2 (N.D.N.Y. Mar.31, 2008) (finding that petition based upon petitioner's allegation that his conditional and maximum release dates from prison were improperly calculated was mooted by petitioner's release from prison because the petitioner "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ" (citations omitted)).

**C. The petition is untimely**

The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state-court criminal convictions that begins to run from the latest of several events: the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the Supreme Court initially recognized the constitutional right on which the

petitioner bases his habeas application if that right was newly recognized and made retroactively applicable; or the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1) (A)-(D); *Gonzalez v. Thaler,* —– U.S. —–, —– – —– & n. 9, 132 S.Ct. 641, 652–53 & n. 9, —– L.Ed.2d —–, —– – —– & n. 9 (2012).

**\*5** Only subsections (A) and (D) are relevant to this action. Petitioner's conviction became final on May 23, 1995, ninety days after the New York Court of Appeals denied leave to appeal. *See People v. Roache,* 85 N.Y.2d 865, 624 N.Y.S.2d 384, 648 N.E.2d 804 (1995); *Saunders v. Senkowski,* 587 F.3d 543, 548–49 (2d Cir.2009), *cert. denied sub nom. Saunders v. Artus,* —–U.S. —–, 131 S.Ct. 899, 178 L.Ed.2d 804 (2011). Since, however, Petitioner's habeas claims accrued before AEDPA's enactment on April 24, 1996, he is "afforded the 'reasonable time' of 'one year after the effective date of AEDPA' " to file a timely federal habeas petition. *Bennett v. Artuz,* 199 F.3d 116, 118 (2d Cir.1999) (quoting *Ross,* 150 F.3d at 102–03). The one-year grace period expired on April 24, 1997, several years before Petitioner filed this petition.

To the extent that subsection (D) applies, Petitioner was made aware at the sentencing proceeding that his 1993 sentence would run consecutively to his 1979 sentence. *See* Dkt. No. 17, Exhibit "A," at 13, 16; *Williams v. Phillips,* No. 04 Civ. 4653, 2005 WL 1806161, \*9 (S.D.N.Y. Aug. 2, 2005) (finding that, under subsection (D), the limitations period " 'runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim' " (quoting *Youngblood v. Greiner,* 97 Civ. 3289, 1998 WL 720681 at \*4 n. 4 (S.D.N.Y. Oct.13, 1998)) (other citations omitted)). Additionally, Petitioner was aware of DOCCS's calculation of his sentence as early as 1995, when a time computation was prepared reflecting that his maximum sentence expiration date was February 2, 2010. *See* Dkt. No. 17, Exhibit "C," at 5 (Reception/Classification System Legal Date Computation, May 24, 1995); *Palmer,* 2007 WL 60419, at \*3 (finding that the petitioner was on notice of the factual predicate for his claim that he should have received credit for time served on a previous conviction "when DOCS informed him of its jail-time computation" and dismissing the petition as untimely). Accordingly, the Court finds that Petitioner has been on notice of the factual predicate for his claim since at least 1995, and his claims were discoverable through the

exercise of due diligence well before he filed this petition. *See Belot v. Burge,* 490 F.3d 201, 204 (2d Cir.2007).

Although the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[,]" 28 U.S.C. § 2244(d)(2), there is no basis to apply statutory tolling in this case because Petitioner did not date or file his state-court proceedings raising his current claims between April 24, 1996, and April 24, 1997. *See* 28 U.S.C. § 2244(d) (2); *Smith v. McGinnis,* 208 F.3d 13, 17 (2000).

Finally, the AEDPA's one-year statute-of-limitations period is subject to equitable tolling in "appropriate cases." *Holland v. Florida,* —–U.S. —–, —–, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010) (citation omitted). To warrant equitable tolling, a petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " that prevented timely filing. *Id.* at 2562 (quoting *Pace,* 544 U.S., at 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (emphasis deleted)); *Jenkins v. Greene,* 630 F.3d 298, 302–03 (2d Cir.2010), *cert. denied sub nom. Jenkins v. La Valley,* —– U.S. —–, 132 S.Ct. 190, 181 L.Ed.2d 98 (2011); *Diaz v. Kelly,* 515 F.3d 149, 153 (2d Cir.2008) (quotation and other citation omitted).

**\*6** Petitioner has not alleged any "extraordinary circumstances" that prevented him from filing his petition on time, and he has not demonstrated that he has diligently pursued his rights. As noted, Petitioner learned (or, with due diligence, could have learned) that DOCCS calculated the 1993 sentence consecutively with his previously undischarged 1979 sentence as early as 1995. He waited until 2004 to take any action challenging DOCCS's sentencing computation. *See* Dkt. No. 17, Exhibit "E," at 92–98. Accordingly, the Court finds that Petitioner has not shown that he diligently pursued his rights up until he filed the pending petition. *See Holland,* 130 S.Ct. at 2560.[4] Therefore, the Court dismisses the amended petition because it is untimely.

Alternatively, even if Petitioner's petition were not untimely, the Court would dismiss it for the following alternative reasons.

### D. Petitioner's claims are not cognizable on habeas review and are meritless.

Petitioner's claims are not cognizable on federal habeas review because there is " 'no constitutionally cognizable right to concurrent, rather than consecutive, sentences.' " *United States v. McLean,* 287 F.3d 127, 136 (2d Cir.2002) (quoting *United States v. White,* 240 F.3d 127, 135 (2d Cir.2001)) (other citation omitted). Petitioner's claim that DOCCS improperly calculated his sentences consecutively is a question of state law. *See Washington v. Goord,* 07 Civ. 7150, 2009 WL 3805599, *6 (S.D.N.Y. Nov.13, 2009) (citations omitted); *Vasquez v. Loiodice,* 07 Civ. 7164, 2009 WL 2575775, *2 (S.D.N.Y. Aug.20, 2009) (citation omitted).

To the extent that Petitioner argues that DOCCS's calculation of his sentence violated the separation of powers doctrine, that claim is also not cognizable because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States,* 445 U.S. 684, 689 n. 4, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (citations omitted); *see also Flanders v. Chairman of Div. of Parole State of New York,* No. 02 Civ. 3899, 2004 WL 253323, *3 (S.D.N.Y. Feb.10, 2004) (finding that claim that the parole board violated the doctrine of separation of powers by considering the severity of his crime and his past criminal history in making a parole determination involved "the interaction of the branches of state government, a claim that rarely serves as a proper basis for granting a writ of habeas corpus because 'state separation of powers issues do not generally raise constitutional questions' " (quoting *United States v. Newton,* 181 F.Supp.2d 157, 165 (E.D.N.Y.2000))).

Petitioner's apparent argument that there were procedural errors in the way in which his state-court habeas petitions were handled is also not cognizable on habeas review. *See Ferrer v. Superintendent,* 628 F.Supp.2d 294, 309 (N.D.N.Y.2008) (holding that " " '[f]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings' " " (quoting *Falas v. Phillips,* No. 03 Civ. 4839, 2004 WL 1730289, at *13 (S.D.N.Y. Aug. 3, 2004)) (other citations omitted)); *Parker v. New York,* No. 05 Civ. 3347, 2006 WL 864272, *5 (S.D.N.Y. Apr.5, 2006) (holding that " 'procedural errors in state post-conviction proceedings are not cognizable on federal habeas review' " (quoting *Guzman v. Couture,* 2003 WL 165746, at *13–*14 (S.D.N.Y. Jan.22, 2003) (claim that post-conviction court failed to consider written objections submitted to another judge in violation of petitioner's rights to effective assistance of counsel, due process and equal protection was not cognizable on federal habeas review))).

*7 Finally, at the heart of this case is Petitioner's argument that the sentencing court was silent regarding whether the 1993 sentence ran consecutively or concurrently to the undischarged 1979 sentence. As previously noted, and as the Southern District has already found, the sentencing transcript flatly refutes Petitioner's argument. *See* Dkt. No. 17, Exhibit "A," at 13, 17; *Roache,* 2010 WL 6512333, at *7–*8. Even if the sentencing court had been silent, however, the 1993 sentence would have run consecutively by statute. In 1993, Petitioner was a second felony offender because he had been convicted in 1979 of first degree rape. *See* Dkt. No. 17, Exhibit "A," Sentencing Tr., at 3–5, 17. As the Southern District also found, the sentencing court "was required to impose a consecutive sentence because of his status as a second-felony offender." *Roache,* 2010 WL 6512333, at *8 (citing N.Y. Penal Law § 70.25(2–a)). The New York Court of Appeals has made clear that, "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires." *People ex rel. Gill v. Greene,* 12 N.Y.3d 1, 4, 875 N.Y.S.2d 826, 903 N.E.2d 1146 (2009).

Petitioner's reliance on *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 462, 56 S.Ct. 760, 80 L.Ed. 1283 (1936), and *Earley v. Murray,* 451 F.3d 71 (2d Cir.2006), is misplaced. In each of those cases, the sentencing courts did not articulate substantive portions of the sentences imposed, and officials later improperly administratively lengthened the petitioners' sentences. *See Wampler,* 298 U.S. at 462–67 (holding commitment order that the court clerk had prepared improperly included language that the inmate be held in prison until fines and costs were paid that was not included in the sentencing court's oral pronouncement of sentence); *Earley,* 451 F.3d at 75 (finding that DOCCS improperly added a period of post-release supervision to a sentence that was not included in the state court's judgment). In this case, DOCCS calculated Petitioner's sentence in accordance both with the sentencing court's express direction that the 1993 sentence run consecutively to the 1979 sentence and as the statute mandated.

## IV. CONCLUSION

After carefully reviewing the parties' submissions and the applicable law and, for the above-stated reasons, the Court hereby

**ORDERS** that the amended petition is **DISMISSED;** and the Court further

**ORDERS** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 589670

Footnotes

1    On July 16, 2004, the trial court erroneously issued an order denying relief in an action captioned, *"Matthew J. Roache v. William Lape."* *See* Dkt. No. 17, Exhibit "E," at 143 (Order, Julian, J., Jul. 16, 2004). The court issued the amended, corrected order on August 30, 2004.

2    The papers were dated February 23, 2007. *See* Dkt. No. 17, Exhibit "N," at R 12–31.

3    In addition to the state-court proceedings outlined above, Magistrate Judge Ellis discussed a motion to set aside the sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20, that Petitioner had filed in Orange County on October 2, 2006, in which Petitioner claimed that the consecutive nature of his sentence violated the New York and United States Constitutions. *See Roache,* 2010 WL 651233, at *2. The state court apparently denied the motion on November 30, 2006, and denied Petitioner leave to appeal on March 13, 2007. *See id.* These documents are not part of the record before this Court.

4    The Court notes its obligation to consider a claim of "actual innocence" before dismissing a habeas petition as untimely when a petitioner makes an actual-innocence claim. *See Brockington v. Marshal,* No. 08–0839–PR, 375 Fed. Appx. 157, 158 (2d Cir. May 3, 2010); *Doe v. Menifee,* 391 F.3d 147, 161 (2d Cir.2004) (citations omitted). However, the Court will not address the issue in this Memorandum–Decision and Order for two reasons. First, even liberally construed, the pending amended petition does not claim actual innocence. *See generally* Dkt. No. 4. Second, to set forth an actual-innocence claim, a petitioner "must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.' " *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 114 (2d Cir.2000) (quotations omitted.); *see Menefee,* 391 F.3d at 161 (stating that a petitioner must support an actual innocence claim " 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial' " (quoting *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808)). Here, Petitioner pled guilty to the underlying charges and has utterly failed to present any new evidence at all, let alone any evidence that might suggest his innocence. *See id.*

5    *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (holding that " § 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right' "); *Richardson v. Greene,* 497 F.3d 212, 217 (2d Cir.2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (citation omitted)).

2009 WL 5030790
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial
staff and not assigned editorial enhancements.**

United States District Court,
N.D. New York.

Aaron P. RUDDY, Petitioner,

v.

Anthony BOCAUD, Superintendent, Respondent.

No. 9:08-CV-1319 (LEK).
|
Dec. 14, 2009.

**Attorneys and Law Firms**

AARON P. RUDDY, pro se.

### *DECISION and ORDER*

LAWRENCE E. KAHN, Senior District Judge.

### I. Background

**\*1** Petitioner *pro se* Aaron P. Ruddy commenced this action
by filing a Petition for a writ of habeas corpus in this District
on December 8, 2008. *See* Dkt. No. 1. This Court thereafter
directed Ruddy to file an Amended Petition if he wished to
proceed with this action. *See* Dkt. No. 3. On January 7, 2009
Ruddy filed such an amended pleading in accordance with
this Court's directive. *See* Dkt. No. 4 ("Am.Pet.").

Therein, Ruddy claims that in July of 2005, he pleaded
guilty in Saratoga County Court to the charge of third
degree burglary and was sentenced to a term of imprisonment
of time-served, a five year period of probation, and a
requirement that Ruddy comply with the terms imposed on
him by the Saratoga County drug treatment court. *See* Am.
Pet. at 9, ¶ 1. The sentencing court advised Ruddy at that time
that if he failed to comply with the conditions of the plea,
he would be re-sentenced to a prison term of two and one-
third to seven years. *See People v. Ruddy,* 51 A.D.3d 1134 (3d
Dept.2008). Ruddy was thereafter charged with and admitted
to twice violating the terms of the drug treatment court. *Id.*
He was then sentenced by the trial court in May of 2006 to a
term of two and one-third to seven years imprisonment. *Id.;
see also* Am. Pet. at 9, ¶ 3.

On October 29, 2007, Ruddy was granted parole from that
sentence; however in March, 2008, he was charged with
violating one of the conditions of his parole. Am. Pet. at
9, ¶¶ 4-5; *see also* Respondent's Memorandum of Law in
Opposition to Petition (Dkt. No. 8) ("Resp.Mem.") at 4. On
June 10, 2008, Ruddy pleaded guilty to violating the terms of
his parole and, on June 13, 2008, Administrative Law Judge
Bruce Van Dyk issued a Parole Revocation Decision Notice
which resulted in Ruddy being returned to the custody of the
Department of Correctional Services ("DOCS"). *See* Dkt. No.
9-5.

On May 8, 2008, the New York State Supreme Court
Appellate Division, Third Department issued its decision on
Ruddy's appeal of the County Court's May 2006 re-sentencing
of Ruddy. In its decision, the Appellate Division invalidated
the sentence imposed on Ruddy at the May 2006 hearing and
remitted the matter back to the County Court. *See Ruddy,* 51
A.D.3d at 1134-36. On May 12, 2008, the Saratoga County
Court re-sentenced Ruddy to an indeterminate term of 2 to 4
years imprisonment on his original burglary conviction. Am.
Pet. at 9, ¶ 7; *see also Ruddy v. Boucaud,* No. 08-1237 (N.Y.
S.Ct., Clinton Cty., Oct. 24, 2008) ("October 2008 Order")
(Dkt. No. 9-9) at 2.

On August 15, 2008, Ruddy filed a petition seeking a writ
of habeas corpus in Clinton County, New York in which he
challenged the revocation of his parole and alleged that he
was being held in the custody of the DOCS in violation of his
constitutional rights. *See* Dkt. No. 9-6. That application was
opposed by the Attorney General for the State of New York.
*See* Dkt. No. 9-7. On October 24, 2008, Acting Supreme
Court Justice S. Peter Feldstein concluded that the June, 2008
revocation of Ruddy's parole was proper and accordingly
denied and dismissed Ruddy's habeas petition. *See* October
2008 Order at 4. [1]

**\*2** Ruddy filed a notice of appeal of that decision with the
Third Department, and on March 31, 2009, that court afforded
Ruddy until June 1, 2009 to perfect his appeal. *See* Dkt. No.
9-12. As of the date that the respondent filed his papers in
opposition to Ruddy's amended petition, counsel appointed
on Ruddy's behalf relative to such appeal had not yet perfected
that appeal to the Appellate Division. *See* Resp. Mem. at 6. [2]

Subsequent to the commencement of this action, a member
of the court's staff ascertained that, according to the "Inmate
Population Information" database provided by the DOCS on

its website, the maximum expiration date of Ruddy's sentence is November 20, 2009. [3]

## II. Discussion

A. Mootness [4]

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." *Spencer v. Kemna,* 523 U.S. 1, 6 (1998); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* 258 F.Supp.2d 157, 160 (E.D.N.Y.2003). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal quotations and citations omitted); *Lavin v. United States,* 299 F.3d 123, 128 (2d Cir.2002).

Generally, a habeas petitioner's release from prison does not render that party's petition for habeas corpus moot because § 2254 requires only that the petitioner be "in custody" at the time the petition is filed. *Wheel v. Robinson,* 34 F.3d 60, 63 (2d Cir.1994); *Cadilla v. Johnson,* 119 F.Supp.2d 366, 371 n. 2 (S.D.N.Y.2000). The "case or controversy" requirement is also typically satisfied by the habeas petition which challenges the validity of the underlying state court conviction because the incarceration (or restrictions imposed on the individual by the terms of the parole) "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer,* 523 U .S. at 7.

In this action, however, Ruddy is not challenging the validity of the underlying burglary conviction. Rather, he contends that: i) he was not afforded proper credit to his sentence for time he served while on probation (*see* Am. Pet., Ground One); and ii) the finding that he violated the terms of his parole must be vacated because such determination related to the May 2006 sentence that was invalidated by the Appellate Division (*see id.,* Ground Two). Ruddy summarizes the claims in his petition as follows:

> Petitioners arguments stem from the facts that petitioner is entitled to the entire period served while on probation once the Appellate Court Third Department vacated the original sentence. And that Petitioners parole violation should also have been vacated where as here, once the Appellate Court ruled that the original

> sentence where the parole violation occurred was illegal and vacated, so must the underlying parole violation be vacated. No parole violation could have occurred under a sentence which actually never took place.... [T]his petitioner should not have been incarcerated on the non-existant parole violation and, clearly, is entitled to the immediate release from incarceration.

**\*3** Am. Pet. at pp. 11-12.

As noted *ante,* however, Ruddy's sentence relating to the burglary conviction-including any time during which he could have been placed on parole for that crime-fully expired on November 20, 2009.

Once a litigant's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." *Spencer,* 523 U.S. at 7 (quoting *Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968)). In *Spencer,* the Supreme Court, in refusing to extend the "presumption" of collateral consequences to the area of parole revocation, *id.* at 12 (citing *Lane v. Williams,* 455 U.S. 624 (1982)), held that a petitioner must establish actual collateral consequences in order to meet Article III's injury-in-fact requirement. *Spencer,* 523 U.S. at 14.

In the present case, Ruddy is not challenging his underlying criminal conviction; rather, he claims that: i) he did not receive appropriate sentencing credit for time he served while on probation (Am. Pet., Ground One); and ii) his parole was wrongfully revoked (*id.,* Ground Two). As the *Spencer* Court noted, however, "[t]he reincarceration that [petitioner] incurred ... is now over, and cannot be undone. Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed." *Spencer,* 523 U.S. at 8.

Ruddy has not demonstrated that he will sustain any collateral consequences due to the fact that state officials allegedly failed to properly calculate the term of imprisonment to which Ruddy was subject, or because his parole was purportedly improperly revoked. Nor can this Court envision any collateral consequences that may adversely impact Ruddy as a result of the foregoing.

Since: i) this action does not attack the underlying criminal conviction that resulted in the sentence imposed on Ruddy; and ii) the latest date on which Ruddy could have either been incarcerated or placed on parole for his crime has already expired, this Court finds that this action must be dismissed as moot. *See, e.g., Spencer,* 523 U.S. at 14-18; *Perez v. Greiner,* 296 F.3d 123, 125 (2d Cir.2002) (habeas petitions are moot where there "is no material possibility" that petitioner will suffer collateral consequences regarding actions challenged in petition). [5]

Accordingly, it is hereby

**ORDERED,** that Ruddy's Amended Petition (Dkt. No. 4) is **DENIED** and **DISMISSED AS MOOT;** and it is further

**ORDERED,** that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action; and it is further

**ORDERED,** that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Decision and Order filed by any party).

**\*4  IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 5030790

---

Footnotes

1    Ruddy asserts that the October 2008 decision of Judge Feldstein was issued on October 27, 2008. *See* Am. Pet. at 10, ¶ 17.

2    In his amended pleading, Ruddy claims that in addition to the writ of habeas corpus he filed in state court challenging the revocation of his parole, he also filed an appeal of the Parole Revocation Decision Notice with the New York State Division of Parole, but that, as of the date he commenced the present action, such appeal was still pending. *See* Am. Pet. at 9-10 at ¶¶ 9-12.

3    According to the DOCS website, "[u]pon reaching the maximum expiration date, the individual's legal obligation to serve a custodial sentence or period of parole supervision ends." *See* www.docs.state.ny.us/univinq/fpmsdoc.htm.

4    Although the respondent has not argued that this action is moot, this Court notes that when a case becomes moot, the federal court is deprived of subject matter jurisdiction over the action. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Fox v. Board of Trustees of the State Univ. of N.Y.,* 42 F.3d 135, 140 (2d Cir.1994) (internal quotation and citation omitted). Federal courts must consider *sua sponte* matters that touch upon the court's subject matter jurisdiction. *Krimstock v. Kelly,* 306 F.3d 40, 70 n. 34 (2d Cir.2002) ("whether the claims of some plaintiffs have been rendered moot ... is a question that a court must address *sua sponte*"); *see also United States v. Williams,* 475 F.3d 468, 479 (courts " 'have the obligation to consider whether this action is moot' ") (quoting *In re Kurtzman,* 194 F.3d 54, 58 (2d Cir.1999)).

5    Even if this action had not been rendered moot, Ruddy would not have been entitled to the relief he sought in his amended pleading. This Court noted in its order directing service of the amended petition on the respondent that "[t]he Amended Petition filed by Ruddy in this matter ... plainly appears to be unexhausted." *See* Dkt. No. 5 at p. 3. In fairness and in deference to Ruddy's *pro se* status, however, this Court declined to dismiss Ruddy's pleading at that time and instead directed the respondent to file a response to Ruddy's pleading. *Id.* at pp. 3-4. In opposing the relief sought by Ruddy, respondent confirmed the fact that petitioner failed to exhaust any of the claims he asserts in his amended petition. *See* Resp. Mem. at pp. 7-9. Since Ruddy has not demonstrated cause for his failure to exhaust his federal claims and prejudice, or that his procedural default may be excused due to his actual innocence, his amended petition would have been denied and dismissed as unexhausted if this action were not moot. *See St. Helen v. Senkowski,* 374 F.3d 181, 184 (2d Cir.2004); *Dixon v. Miller,* 293 F.3d 74, 80-81 (2d Cir.2002); *Parker v. Phillips,* No. 05-CV-1323, 2008 WL 4415255, at *2-3 (E.D.N.Y. Sept. 24, 2008), *appeal dismissed, Parker v. Phillips,* No.08-5382-pr (2d Cir. Mar. 31, 2009).

---

© 2016 Thomson Reuters. No claim to original U.S. Government Works.